CUPRILL, PETITIONER AND APPELLANT, v. PARRA ET AL.,
DEFENDANTS AND APPELLEES.

## Appeal from the District Court of Ponce in Injunction Proceedings.

No. 3445.—Decided October 29, 1924.

INJUNCTION—QUO WARRANTO—REMOVAL FROM OFFICE.—The title to an office can not be tried by an action in equity aided by injunction. An officer can nor maintain a bill in equity to enjoin his removal from office and the appointment of his successor. If his successor has been appointed his remedy is *quo warranto;* if the office is vacant his remedy is by mandamus to compel his restoration. And so an injunction will not lie to restrain a public officer holding *de facto* from the performance of the duties of his office, on the ground that he is not lawfully the incumbent of the office. The right of a person who claims an office by color of title, and exercises it *de facto,* can not be attacked collaterally; it must be attacked by the direct proceeding of *quo warranto.*

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Messrs. F. Parra* and *J. R. Gelpí* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Alleging that he was holding the office of auditor of the municipality of Ponce by lawful appointment, Cupril filed a petition praying the court below to issue a perpetual writ of injunction directed to the respondents, Francisco Parra Capó and Eugenio Lecompte, restraining them from disturbing the petitioner in the discharge of his duties as such municipal auditor.

The petition denied that Francisco Parra Capó was the

mayor of the municipality of Ponce and alleged that without lawful authority he intended to disturb the petitioner in his office and to appoint in his place the other respondent, who also intended to discharge his duties.

The trial court denied the petition for an injunction and based its judgment on its previous decision in case No. 12813, a quo warranto proceeding against Blas Oliveras, wherein it held that there had been no vacancy in the office of mayor of the municipality of Ponce and upheld the lawful authority of Francisco Parra Capó as mayor of the said municipality. Although we agree with the conclusion of the court below in denying the injunction, the ground of the decision is entirely erroneous. The real reason should be that injunction is not the petitioner's proper remedy. In the case of *Nieves* v. *Foote,* 30 P.R.R. 760, the rule was laid down that an injunction, as an equitable remedy, is not the proper remedy against an official or body having authority to remove or enjoin the removal of a public employee, nor against the person appointed in the place of the removed official to restrain him from performing the duties of his office. The reason for this rule seems to be based on the theory that a public office is not a property right which equity can maintain or enforce. If the office is remunerative, however, this does not preclude an action at law by the official unlawfully removed to recover his compensation.

Besides, the petition for an injunction involves a controversy with regard to the right of defendant Francisco Parra Capó to the office of mayor of Ponce. No matter what may be the color of his authority as such mayor, in any event this question could not be determined in injunction proceedings.

"The title to an office cannot be tried by an action in equity aided by injunction. An officer cannot maintain a bill in equity to enjoin his removal from office and the appointment of his successor. If his successor has been appointed his remedy is quo warranto; if the office is vacant his remedy is by mandamus to compel his restora-

tion. And so an injunction will not lie to restrain a public officer holding de facto from the performance of the duties of his office, on the ground that he is not lawfully the incumbent of the office. The right of a person who claims an office by color of title, and exercises it de facto, cannot be attacked collaterally; it must be attacked by the direct proceeding of quo warranto." 22 R. C. L. 681-2.

It has been held likewise that the limitation that this class of controversies must be adjusted in actions at law, to the exclusión of equitable remedies, does not imply a denial of the constitutional principles of due process of law or equal protection of the laws. 14 R.C.L. 374.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.